TABAK, MELLUSI & SHISHA, LLP
29 Broadway
New York, New York 10006
Attorneys for Plaintiff
Tel: (212) 962-1590
Fax: (212) 385-0920

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CURTIS SPENCER,

       Plaintiff,

   - against -

MAERSK LINE, LIMITED,
And M/V SEALAND MOTIVATOR,
Her equipment, apparati, etc.

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X



FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ AUG 06 2009 ★
BROOKLYN OFFICE

09 Civ. 3404

KORMAN, J.

COMPLAINT

**Plaintiff Demands**

**Trial by Jury**

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff, CURTIS SPENCER, complaining of the defendants, respectfully states and alleges upon information and belief:

1.   Jurisdiction arises under 28 U.S.C. § 1331, pursuant to the "JONES ACT", 46 U.S.C. § 10304 et. seq., and the General Maritime and Admiralty Laws of the United States.

### FIRST CAUSE OF ACTION - JONES ACT AND UNSEAWORTHINESS

2.   On or about June 24, 2008, and all times relevant to the claims herein, defendant MAERSK LINE, LIMITED, was and is a corporation, doing business within the Court's jurisdiction.

3. On or about June 24, 2008 and all times relevant to the claims herein, defendant MAERSK LINE, LIMITED ("MLL"), was the owner of the M/V SEALAND MOTIVATOR (hereinafter 'MOTIVATOR")..

4. On or about June 24, 2008 and all times relevant to the claims herein, MLL operated the MOTIVATOR.

5. On or about June 24, 2008 and all times relevant to the claims herein, MLL managed the MOTIVATOR.

6. At all relevant times, defendant MML, hired the crew of the MOTIVATOR.

7. At all relevant times, plaintiff was a member of the crew of the MOTIVATOR.

8. On or about June 24, 2008 the plaintiff suffered serious and permanent personal injuries in the course of his employment aboard the aforesaid vessel.

9. On or about June 24, 2008 while plaintiff was manually lifting a box in the store room he was caused to injure his back.

10. That the defendant was negligent in failing to have proper equipment to lift stores; in failing to have sufficient crew and/or supervision to assist in the lifting of stores; in failing to have proper instruction and training for the lifting of stores; in failing to have a safety evaluation for the performing of lifting stores; in failing to properly secure stores. As a result of the lifting, plaintiff sustained serious and permanent injuries; the aforesaid occurrence was due solely to the negligence of the defendant; the fault, neglect and carelessness of the master, fellow officers, agents, servants and employees of defendant, the failure to take any means or precautions for the safety of the plaintiff, the failure to provide the plaintiff with a safe place to work.

11. That by reason of the aforesaid the vessel was unseaworthy.

12. That by reason of the foregoing the plaintiff was disabled and has undergone medical care and was disabled from his employment, has suffered injuries, incurred medical expenses, loss of wages and benefits, pain and suffering, and may incur in the future loss of earnings and benefits, may require to undergo further medical care and attention, and will incur future pain and suffering in a sum to be proven at trial.

## SECOND CAUSE OF ACTION MAINTENANCE & CURE

13. That the plaintiff repeats and realleges all of the foregoing paragraphs of the complaint numbered 1 through 12, inclusive, with the same force and effect as if herein set forth at length.

14. As a result of injuries sustained aboard the MOTIVATOR aforesaid, plaintiff was entitled to receive maintenance and cure benefits.

15. Plaintiff has not been properly or adequately been provided with maintenance and cure benefits and has sustained damages in amount not known at this time.

**WHEREFORE**, plaintiff demands judgment as follows:

Against the defendant MAERSK LINE, LIMITED, on the First and Second Causes of action in an amount to be proved at trial together with pre-judgment interest and the costs and disbursements of this action.

> TABAK, MELLUSI & SHISHA LLP
> Attorneys for Plaintiff
>
> BY: _____
> JACOB SHISHA (JS 5452)
> Office & P. O. Address
> 29 Broadway
> New York, NY 10006
> (212) 962-1590

3